**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 09-cv-02963-REB-MJW

| | |
|---|---|
| LABNET, INC. | ) |
| 1050 17th Street, Suite 700, | ) |
| Denver, Colorado 80265-2008 | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| | ) |
| GEORGE HENDERSON LAW | ) |
| CORPORATION | ) |
| 4202 Atlantic Avenue, Suite 204 | ) |
| Long Beach, California 90807 | ) |
| | ) |
| THE LAW OFFICES OF GEORGE | ) |
| HENDERSON | ) |
| 4202 Atlantic Avenue, Suite 204 | ) |
| Long Beach, California 90807 | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |

## STIPULATED CONSENT DECREE

Plaintiff, Labnet, Inc. ("Labnet" or "Plaintiff"), filed this action against George Henderson Law Corporation and The Law Offices of George Henderson (collectively hereafter, "Defendants") to protect their intellectual property rights in two federally registered WORKLAW® trademarks (U.S. Registration No. 1835868 and U.S. Registration No. 3359573). In the Complaint, Plaintiff alleged that by purchasing and using a domain name in association with confusingly similar services—namely, employment law legal services—the Defendant had:

1) infringed its federally registered trademarks under 15 U.S.C. § 1114(1)(a) and the common law; 2) engaged in unfair competition under 15 U.S.C. § 1125(a); 3) made use of the Plaintiff's trademarks so as to cause trademark dilution under 15 U.S.C. § 1125(c); 4) violated the Anticybersquatting Consumer Protection Act 15 U.S.C. § 1125(d)(1); and 5) engaged in deceptive trade practices under the Colorado Consumer Protection Act § 6-1-105.  Defendants George Henderson Law Corporation and The Law Offices of George Henderson maintain that they are not infringing, nor have they ever infringed upon, Labnet's WORKLAW® marks, nor has it used a domain name in association with confusingly similar services as the Defendant.

As a result of settlement of this action and upon consent of the Plaintiff, Labnet Inc., and the Defendants, George Henderson Law Corporation and The Law Offices of George Henderson, it is ORDERED, ADJUDGED, and DECREED that:

1. This Stipulated Consent Decree resolves all claims of the Plaintiff against Defendants in the Complaint, and all counterclaims that could have been asserted by Defendants against Plaintiff, including but not limited to claims of damages, fees, costs, and/or claims in equity.

2. The terms and provisions of the Stipulated Consent Decree are adequate, fair, reasonable, equitable, and just. The rights of the parties are adequately protected by this Stipulated Consent Decree.

3. This Stipulated Consent Decree conforms with the Federal Rules of Civil Procedure, the Lanham Act, the Anticybersquatting Consumer Protection Act, and the Colorado Consumer Protection Act, and is not in derogation of the rights and privileges of any

person. The entry of this Stipulated Consent Decree will further the objectives of the Lanham Act, the Anticybersquatting Consumer Protection Act, and the Colorado Consumer Protection Act, and will be in the best interests of the Defendant, the Plaintiff, and the public.

4. Defendants, and any successors in interest, recognize and acknowledge Plaintiff's ownership rights in and to the WORKLAW® trademarks (U.S. Registration No. 1835868 and U.S. Registration No. 3359573), and the goodwill associated therewith. Further, Defendants acknowledge and agree that the WORKLAW® trademarks are valid and enforceable.

5. Except as specifically contemplated in the confidential Settlement Agreement entered in this case, Defendants, their owners, stockholders, managers, agents, employees, and any respective successors in interest, agree not to make any use of Labnet's WORKLAW® trademarks, any mark or name confusingly similar to "WORKLAW," and any other mark which so resembles Labnet's WORKLAW® marks as to be likely to cause confusion, deception, or mistake as to the source, sponsorship, or affiliation of Defendants' legal services.

6.  Defendants, their owners, stockholders, managers, agents, employees, and any respective successors in interest, are prohibited from using the domain name www.8888worklaw.com after February 20, 2010.

## **RELIEF TO PLAINTIFF**

7. In accordance with this Stipulated Consent Decree, and the specific terms contemplated in the confidential Settlement Agreement, Defendants shall deactivate the domain name www.8888worklaw.com, and cooperate with Labnet, or their authorized agents, to facilitate the transfer of ownership in the domain name www.8888worklaw.com within 30 days of the entry of this Stipulated Consent Decree and Final Judgment. Defendant shall document compliance with this provision within ten (10) days of the transfer or assignment of ownership rights in the domain name www.8888worklaw.com.

8. Except as specifically contemplated in the confidential Settlement Agreement entered in this case, Defendants, their owners, stockholders, managers, agents, employees, and any respective successors in interest, agree not to hereafter purchase or use domain names that either include "WORKLAW" as a portion thereof, or that could conceivably be construed—by virtue of phonetic or spelling similarities—as confusingly similar to "WORKLAW."

9. Except as specifically contemplated in the confidential Settlement Agreement entered in this case, Defendants, their owners, stockholders, managers, agents, employees, and any respective successors in interest, shall destroy any and all documents or materials for which it has knowledge and control—including, but not limited to, labels, signs, packages, brochures, advertising matter, receptacles, sale and purchase documents, letterhead, and other material in its possession or control—bearing the domain name www.8888worklaw.com or the WORKLAW® trademark.

10. Defendants, their owners, stockholders, managers, agents, employees, and any respective successors in interest, agree not to challenge or contest, directly or indirectly, the validity, ownership, or registration (domestic or foreign) of any of the WORKLAW® trademarks owned by Plaintiff, nor any future trademark applications or registrations Labnet may file or register in association with broader goods and services.

11. Defendants, their owners, stockholders, managers, agents, employees, and any respective successors in interest, agree not to adopt, use, or seek registration of trademarks or trade names that either include 'WORKLAW" as a portion thereof, or that could conceivably be construed—by virtue of phonetic or spelling similarities—as confusingly similar to "WORKLAW."

## COSTS AND COMPLIANCE

12. Each party shall bear its own costs and attorney fees incurred as a result of this action through the entry of this Stipulated Consent Decree.

13. The United States District Court for the District of Colorado shall have continuing jurisdiction over any disputes that may arise between the parties relating to the Stipulated Consent Decree.

14. In the event that this Court is required to resolve disputes regarding a party's compliance with the terms of this Stipulated Consent Decree, the prevailing party shall be entitled to reimbursement of any court costs, reasonable attorney fees, or other expenses incurred as a result of the prevailing party's efforts to ensure compliance.

15. The parties agree to entry of this Stipulated Consent Decree subject to final approval by the Court.

ENTERED AND ORDERED February 18, 2010.

BY THE COURT:

*Bob Blackburn*
Robert E. Blackburn
United States District Judge

APPROVED AND CONSENTED TO:

s/ Kenneth R. Stettner
Kenneth R. Stettner
Bruce Anderson
Stettner Miller, P.C.
1050 17th Street, Suite 700
Denver, Colorado  80265-2008
303-534-0273
303-534-5036 fax
banderson@stetmil.com
kstettner@stetmil.com


s/ Daniel A. Thomson
Daniel A. Thomson
Nathan B. Webb
Emerson, Thomson & Bennett, LLC
777 West Market Street
Akron, Ohio  44303
330-434-9999
330-434-8888 – fax
dat@etblaw.com
nbw@etblaw.com

Attorneys for Plaintiff Labnet, Inc.


s/ Natu J. Patel
Natu J. Patel
The Patel Law Firm
2532 Dupont Drive
Irvine, California 92612-1077
949.955.1077
949.955.1877 (facsimile)
Email: Npatel@thePatelLawFirm.com

Attorney for Defendants George Henderson Law Corporation
and The Law Offices of George Henderson

7